A99A0103. BOWDEN v. THE STATE.
(515 SE2d 178)

Judge Harold R. Banke.

Stanley Wayne Bowden was convicted of theft by taking and misdemeanor obstruction. In his sole enumeration, he argues that the trial court erred by making remarks regarding guilty pleas and trials to the jury.

This case arose after Bowden attempted to leave a Rite-Aid Store with a cassette player tucked into the back of his shirt. After Bowden activated the store alarm, the manager approached him and ordered him to stop. Bowden returned to the store and emptied his pockets, claiming, "I ain't got nothing." Then Bowden walked down an aisle, took the cassette player from the back of his shirt and replaced it on the shelf. The manager attempted to make a citizen's arrest as Bowden started to leave the store, but Bowden pushed him against the door and ran. The cashier called authorities, who discovered Bowden nearby. When Bowden ignored the officer's repeated commands to lie on the ground, the officer sprayed him with pepper spray and forced him to the ground. Bowden continued to struggle until he was handcuffed. *Held*:

Bowden contends that comments the trial court made to the jury prior to trial warrant reversal. He argues that these remarks left the jury with the impression that he was wasting their time because most of those accused are in fact guilty.

The record refutes this contention. Prior to trial, before jury

selection began, the first case was called, a bench warrant was issued, and the court was informed that several defendants had elected to enter guilty pleas. By way of explanation for these delays, the trial court made the remarks at issue.[1] Then, before Bowden's case commenced, a jury for another criminal case was selected.

Having read and considered the trial court's statement, we find nothing which might have caused the jurors to form an opinion as to the guilt or innocence of any defendant who was not requesting to enter a guilty plea. *Edmonds v. State*, 196 Ga. App. 190, 195 (395 SE2d 566) (1990). Unlike *Edmonds*, on which Bowden relies, the court here did not discuss the workings of the plea bargaining process or the admission of defendants' prior criminal records. The trial court merely explained the delay in jury selection.

Moreover, defense counsel was present during the remarks at issue and presented no evidence that he objected to them or sought corrective jury instructions. *Waters v. State*, 169 Ga. App. 290, 292 (2) (312 SE2d 812) (1983). Thus, the issue was waived. Id. Were it not, the evidence was sufficiently overwhelming to preclude a finding that the remarks were harmful. See *Livery v. State*, 233 Ga. App. 882, 885 (3) (506 SE2d 165) (1998).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED MARCH 22, 1999.

*James A. Yancey, Jr.*, for appellant.
*Michael D. DeVane, Solicitor*, for appellee.

---

[1] The trial court stated:

Ladies and gentlemen, so that you will know what's going on, several defendants have evidently decided to change their plea from not guilty to guilty this morning and we're entering those on the record at this time and I'm going to bring them back later to sentence them. I'm not going to do that now, so [sic] to try to shorten the time that you have to sit there. Everybody has the right to a trial and every time this happens, some juror will inevitably come back and ask me at the end of the day, "Well, why did you let them plead guilty?" It may be that I could keep them from pleading guilty but I'm going to give them the same sentence if they plead guilty probably as I would if they had gone to trial and been found guilty, and it would just be a waste of your time and the taxpayers' money to go through the exercise.

We give all defendants an opportunity to enter pleas of guilty before they get here today, several opportunities, but a lot of times they get here and see the jury and decide that they will enter a plea of guilty when before they had plead not guilty, and that's certainly their right and we want to dispose of all of these cases as quickly as we can, and that's what we're trying to do. So, we're not — while it may seem like your time is being wasted, it's not.